IN THE DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
(Civil Division)

| | |
|---|---|
| **CANDACE E. ALSTON** )<br>10012 Cedarhollow Lane )<br>Largo, MD 20774 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**FIRST PREMIER, INC.** )<br>601 South Minnesota Avenue )<br>Sioux Falls, SD 57104 )<br>**Serve:** Dana Dykhouse )<br>)<br>Defendant. ) | RECEIVED JUL 02 2012<br>BY:_____<br>CIVIL ACTION NO. CAL12-17626<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW the Plaintiff, Candace E. Alston, (hereafter the "Plaintiff") and for her complaint against the Defendant First Premier Inc. ("First Premier") and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), and the Miscellaneous Consumer Protection Provisions, Md. Code §14-201 *et seq.* (MCPP).

### PARTIES

2. The plaintiff is a natural person and resides in Largo, Maryland. She is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c) and MCPP, Md. Code §14-1201(c).


EXHIBIT A

3. Defendant First Premier is a credit card company that targets individuals with damaged credit histories and is a "person" within the meaning of the FCRA, 15 U.S.C. §1681a(b) and the MCPP, Md. Code §14-1201(j).

## FACTS

4. On July 11, 2011 Ms. Alston obtained her credit report from Transunion and discovered that in August of 2010 First Premier pulled her credit report without a permissible purpose.

5. Ms. Alston does not have a credit card account with First Premier.

6. During the time period between August 2010 and July 11, 2011 Ms. Alston did not receive any offer of credit from First Premier.

7. Ms. Alston did not have damaged credit in August of 2010.

8. Ms. Alston never applied for credit with First Premier.

9. Upon information and belief First Premier did not make a firm offer of credit to Ms. Alston.

## COUNT ONE: VIOLATIONS OF FCRA

10. Plaintiff realleges and incorporates paragraphs 1 through 9 above as if fully set out herein.

11. Defendant First Premier violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by U.S.C. §1681b(a).

12. As a result of conduct, actions and inactions of First Premier, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: credit repair costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

13. First Premier's conduct, actions and inactions were willful, rendering First Premier liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, First Premier was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

14. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from First Premier in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: VIOLATIONS OF MCPP

15. Plaintiff realleges and incorporates paragraphs 1 through 14 above as if fully set out herein.

16. Defendant First Premier violated Md. Code §14-1202(a) by obtaining Plaintiff's consumer report without a permissible purpose.

17. As a result of conduct, actions and inactions of First Premier, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: credit repair costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

18. First Premier's conduct, actions and inactions were willful, rendering First Premier liable for punitive damages in an amount to be determined by the Court pursuant to Md. Code §14-1213(a). In the alternative, First Premier was negligent, entitling the Plaintiff to recover under Md. Code §14-1213(b).

19. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from First Premier in an amount to be determined by the Court pursuant to Md. Code §14-1213(a) and §14-1213(b).

WHEREFORE, your Plaintiff demands judgment for actual and punitive damages against First Premier Inc.; for her attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

CANDACE E. ALSTON

By _[signature]_

Candace E. Alston
10012 Cedarhollow Lane
Largo, MD 20774
(240) 432-0927